# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ROBERT LEE HARRIS,

    Plaintiff,

v.                                                Case No: 6:15-cv-1127-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Shea A. Fugate's Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. §406(b) (Doc. 26). The motion follows the issuance of an Order and Judgment reversing the decision of Defendant, the Commissioner of Social Security, with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405 (Docs. 22, 23). Plaintiff's attorney seeks an award of $67,216.38, pursuant to a contingency agreement with Plaintiff. She represents that the motion is not opposed.

I. The Applicable Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at

twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("the EAJA"). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." As the Eleventh Circuit has adopted the law of the former Fifth Circuit as binding precedent,[1] Dawson applies here, and the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. Wood v. Comm'r of Soc. Sec., 861 F.3d 1197, 1205-6 (11th Cir. 2017);[2] see also Paltan v. Comm'r of Soc. Sec., 518 F. App'x. 673 11th Cir. 2013); Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314 (11th Cir. 2012).[3]

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206, 1209-11 (11th Cir. 1981).
[2] The Court is aware that the United States Supreme Court has granted a petition for writ of certiorari to review this holding. See Culbertson v. Berryhill, 2018 WL 2292460, U.S., May 21, 2018 (No. 17-773). Unless and until Wood is overturned or otherwise limited, the Court applies the law as it currently exists.
[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

As the third avenue of attorney compensation, the EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified). See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

The application of these provisions in this circuit means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See Wood, 861 F. 3d at 1206-07 (the district court did not err by imposing a 25% cap on § 406 fees and by including the EAJA awards in establishing the cap); see also Paltan, 518 F. App'x.at 674; Bookman, 490 F. App'x 314; Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant.").

The fee itself must also be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)

(citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, a court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court can appropriately reduce the fee. Id. at 805, 808.

II. The Fee Calculation

Ms. Fugate has been representing Plaintiff since June 13, 2012, after the Appeals Council issued its initial denial. A prior action was filed in this Court (6:12-cv-938-GJK), and the case was remanded for further administrative proceedings (Tr. 632-640). An attorney fee under the EAJA was awarded in that case, in the amount of $4,976.10 (Doc. 30 in Case No. 6:12-cv-938-GJK).

On remand, another unfavorable administrative decision was issued, and, after exhausting administrative appeals, Plaintiff filed this action (Doc. 1). The claim was remanded again (Docs. 22 and 23), and, after judgment, the Court granted counsel attorney's fees of $4,228.52, under the EAJA (Doc. 25).

On the second remand, the Commissioner issued a fully favorable decision and awarded Plaintiff past due benefits in the amount of $219,866.00 (Doc. 26-2) as well as dependent benefits of $3,714.00 (Doc. 26-3); $43,145.00 (Doc. 26-4); and $43,145.00 (Doc. 26-5). One-fourth of the total past due benefits awarded is $82,421.00. Petitioner

represents that she received a fee of $6,000.00 at the administrative level (Doc. 26-2). Plaintiff's counsel asks this Court to authorize a fee of **$67,216.38**, noting that she has deducted the previously awarded 406(a) fee ($6,000.00) and the total of the EAJA fees ($9,204.62) from her request. The amount sought by Ms. Fugate is consistent with the statutory framework and authority discussed above. The Court proceeds to determine whether this amount is reasonable.

By any measure, $67,216.38 is an exceptionally handsome fee. But, consideration is given to the fact that Ms. Fugate has represented her client since Jun 13, 2012, through two federal suits and administrative remands. In this light, the Court does not find the fee to be so out of line as to constitute a windfall. Nor is there any indication that counsel was responsible for delay or any other factor which would serve to make the award unreasonable. And, the fee is consistent with the contract with her client and is not opposed by the Commissioner. Accordingly, considering the <u>Gisbrecht</u> factors, the motion is **GRANTED,** and Ms. Fugate is authorized to charge her client **$67,216.38**, consistent with the fee agreement.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record